priation of funds from the state treasury apply with equal force to municipalities as regards the appropriation of funds from local treasuries. Accordingly, the order of the Commonwealth Court is affirmed.

LINCOLN PHILADELPHIA REALTY ASSOCIATES I, Respondent,

v.

The BOARD OF REVISION OF TAXES OF the CITY AND COUNTY OF PHILADELPHIA, the City of Philadelphia and the School District of Philadelphia, Petitioners.

Supreme Court of Pennsylvania.

June 8, 1999.

Mark A. Aronchick, Joseph A. Dworetzky, Philadelphia, for petitioner.

### ORDER

PER CURIAM:

AND NOW, this 8th day of June, 1999, the above-captioned Petition for Allowance of Appeal is GRANTED, limited to the following issues:

I. Did the Commonwealth Court err by allowing Respondents to challenge the validity of the same abatements that they asked for, received, accepted and enjoyed?

II. Did the Commonwealth Court err by precluding the taxing authorities from equitably recouping the benefits that Respondents received under their initial five-year abatements?

Justice NEWMAN did not participate in the decision or consideration of this matter.

NINE PENN CENTER ASSOCIATES, Lincoln Philadelphia Realty Associates I, Lincoln Philadelphia Realty Associates II, and Philadelphia Airport Business Center Limited Partnership, Respondents,

v.

The BOARD OF REVISION OF TAXES OF the CITY AND COUNTY OF PHILADELPHIA, the City of Philadelphia and the School District of Philadelphia, Petitioners.

Supreme Court of Pennsylvania.

June 8, 1999.

Mark A. Aronchick, Joseph A. Dworetzky, Philadelphia, for petitioner.

### ORDER

PER CURIAM:

AND NOW, this 8th day of June, 1999, the above-captioned Petition for Allowance of Appeal is GRANTED, limited to the following issues:

I. Did the Commonwealth Court err by allowing Respondents to challenge the validity of the same abatements that they asked for, received, accepted and enjoyed?

II. Did the Commonwealth Court err by precluding the taxing authorities from equitably recouping the benefits that Respondents received under their initial five-year abatements?

Justice NEWMAN did not participate in the decision or consideration of this matter.

■

**NINE PENN CENTER ASSOCIATES,**
Respondent,

v.

**The BOARD OF REVISION OF TAXES OF the CITY AND COUNTY OF PHILADELPHIA, the City of Philadelphia and the School District of Philadelphia, Petitioners.**

Supreme Court of Pennsylvania.

June 8, 1999.

Mark A. Aronchick, Joseph A. Dworetzky, Philadelphia, for petitioner.

### *ORDER*

PER CURIAM:

AND NOW, this 8th day of June, 1999, the above-captioned Petition for Allowance of Appeal is GRANTED, limited to the following issues:

I. Did the Commonwealth Court err by allowing Respondents to challenge the validity of the same abatements that they asked for, received, accepted and enjoyed?

II. Did the Commonwealth Court err by precluding the taxing authorities from equitably recouping the benefits that Respondents received under their initial five-year abatements?

Justice NEWMAN did not participate in the decision or consideration of this matter.

■

**NINE PENN CENTER ASSOCIATES,**
Respondent,

v.

**The BOARD OF REVISION OF TAXES OF the CITY AND COUNTY OF PHILADELPHIA, the City of Philadelphia and the School District of Philadelphia, Petitioners.**

Supreme Court of Pennsylvania.

June 8, 1999.

Mark A. Aronchick, Joseph A. Dworetzky, Philadelphia, for petitioner.

### *ORDER*

PER CURIAM:

AND NOW, this 8th day of June, 1999, the above-captioned Petition for Allowance of Appeal is GRANTED, limited to the following issues:

I. Did the Commonwealth Court err by allowing Respondents to challenge the validity of the same abatements that they asked for, received, accepted and enjoyed?